**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

GLENN E. CAMPBELL,

      Petitioner,

v.                                        CASE NO: 5:09-cv-270-Oc-30GRJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.
_____/

# ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The Court has considered the petition and memorandum of law filed on June 18, 2009, Respondent's response filed on September 30, 2009, Petitioner's traverse filed on October 19, 2009, and Petitioner's judicial notice filed on January 14, 2010. Upon review, the Court determines that the petition must be denied because the claims of ineffective assistance of counsel and denial of due process are without merit.

## Background

Petitioner was tried by a jury and found guilty of eight counts including burglary of a dwelling and various offenses related to methamphetamine. Petitioner did not timely appeal, but filed two petitions for belated appeal, the second of which was granted on March 30, 2006. Petitioner's counsel filed an *Anders* brief. On January 30, 2007, the Fifth District

Court of Appeal affirmed Petitioner's conviction and sentence. For the purposes of this proceeding, Petitioner's appeal was final ninety days later, on April 30, 2007. At this time, Petitioner had already filed his first 3.850 motion, which was denied on March 20, 2007. He appealed. The denial was affirmed September 18, 2007, and the mandate issued on October 5, 2007.

Petitioner filed his second 3.850 motion on February 13, 2008. The trial court found it was improperly filed and dismissed it on March 10, 2008. Petitioner then filed a petition for writ of mandamus in the Fifth District Court of Appeal on March 25, 2008, which was denied on June 20, 2008. On June 27, 2008, Petitioner filed a petition for a writ of mandamus in the Florida Supreme Court. Stating that "a writ of mandamus cannot be issued to direct the manner in which a court shall act in the lawful exercise of its jurisdiction," the Florida Supreme Court denied the petition on September 2, 2008. *Campbell v. State*, 992 So. 2d 819 (Fla. 2008).

On October 31, 2008, Petitioner re-filed his second 3.850 motion. Declining to reconsider its previous order, the Fifth Circuit Court denied this motion on November 5, 2008. Petitioner timely appealed to the Fifth District Court of Appeal, which affirmed on February 10, 2009, and issued its mandate on March 4, 2009. On June 18, 2009, Petitioner filed the instant motion asserting three grounds of ineffective assistance of counsel and one of denial of due process.

## One Year Time Limit

Under 28 U.S.C. § 2244(d), a federal habeas corpus petition must be filed within one year of the date the defendant's judgment becomes final. However, this time period is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Despite reservations concerning the potential for filing frivolous motions to toll the one year limit in Section 2244(d), based on this Court's reading of *Thompson v. Secretary, Dept. Of Corrections*, all of Petitioner's 3.850 motions and mandamus petitions will be treated as "properly filed." 595 F.3d 1233, 1236 (11th Cir. 2010).

Since the Fifth District Court of Appeal granted Petitioner's second petition for belated appeal, Petitioner's judgment was not yet final for purposes of Section 2244(d)(1)(A) until  ninety days after the opinion affirming his conviction and sentence. *Jimenez v. Quarterman*, 555 U.S. 113 (2009). As Petitioner had already filed his fist 3.850 motion at this time, the one year time limit remained tolled until the denial of that motion became final on  October 5, 2007.

Before Petitioner filed his second 3.850 motion, 131 days elapsed. An additional fifteen days passed between the dismissal of Petitioner's second 3.850 motion and the filing of the petition for writ of mandamus in the Fifth District Court of Appeal. Seven more days passed  between the denial of that petition, and the filing of the same petition in the Florida Supreme Court. The time period remained tolled upon the Florida Supreme Court's denial

of the petition for writ of mandamus since Petitioner had already re-filed his second 3.850 motion.

Between the date mandate was issued on Petitioner's failed appeal of the denial of his last 3.850 motion and the filing of the instant petition, 106 days elapsed. Therefore, a total of 259 days passed between when Petitioner's judgment became final and the filing of the instant petition in which a properly filed application for State post-conviction or other collateral review was not pending. Therefore, the petition is timely.

## Ineffective Assistance of Counsel

Under 28 U.S.C. § 2254(d), Petitioner must establish that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Petitioner alleges a denial of his constitutional Sixth Amendment right to counsel.

The standard to determine whether the right to effective assistance of counsel has been violated is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Counsel is presumed competent to assist a defendant; the burden is on the petitioner to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). To vacate the conviction, the petitioner must show "by a preponderance of competent evidence," *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000), that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) Defendant was

prejudiced by the deficient performance. *Strickland*, 466 U.S. 668 at 687, 694.

To satisfy the prejudice prong under *Strickland*, the accused must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing in one." *Id.* at 697.

**Ground One:**        **Ineffective assistance of counsel for failing to assert that Petitioner's arrest without warrant or probable cause was illegal.**

Petitioner has not met his burden under either prong of <u>Strickland</u> of establishing that counsel was constitutionally ineffective for failing to raise the legality of his arrest. On September 22, 2004, Detectives Bentz and Crosnoe arrested Petitioner at his home without a search warrant. Detective Crosnoe testified that prior to Petitioner's arrest, Deputy Greatrex had passed on to him that a neighbor had seen Petitioner riding his bicycle towards the residence where the meth lab had been discovered. Detective Crosnoe found bicycle tracks at the residence. This constitutes probable cause.

A police officer may make an arrest without a warrant when he reasonably believes that a felony has been committed and reasonably believes that the person to be arrested has committed it. Fla. Stat. § 901.15 (2009). "The arresting officer is not required to have sufficient first hand knowledge to constitute probable cause." *Crawford v. State*, 334 So.2d 141, 142 (Fla. 3d DCA 1976). It is enough that Deputy Greatrex received information from an eyewitness and communicated that information to the arresting officer. *Id.*

As Petitioner's arrest was supported by probable cause, counsel's performance was not deficient and Petitioner has not shown that the result of the proceeding would have been different had counsel asserted that Petitioner's arrest was illegal. For the above reasons, Petitioner's sub-claim that counsel was ineffective for failing to move to suppress the confession and fingerprint identification evidence obtained after his arrest is also without merit.

**Ground Two:**      **Ineffective assistance of counsel for failing to assert and preserve claims that *Miranda* warning was insufficient.**

Petitioner has not met his burden under either prong of <u>Strickland</u> of establishing that counsel was constitutionally ineffective for failing to contest the sufficiency of the *Miranda* warning read to Petitioner. After Petitioner's arrest, he was placed in an interview room and Detective Crosnoe read him his *Miranda* rights from a card. Petitioner alleges that the warning was insufficient because it did not specifically advise him of his right to have counsel present during the interrogation and that if he could not afford an attorney one would be appointed to be present with him during the interrogation.

Recently, the Supreme Court found a *Miranda* warning exactly the same as the one read to Petitioner reasonably conveyed that the right to counsel applied during interrogation. *Florida v. Powell*, 130 S.Ct. 1195, 1205 (2010). As the warning was sufficient, counsel's performance was not deficient and Petitioner has not shown that the result of the proceeding would have been different had counsel asserted a *Miranda* violation.

**Subclaim One:**     **Ineffective assistance of counsel for failing to seek a "Franks hearing" into the actions of detective Crosnoe.**

Petitioner alleges that counsel was ineffective for failing to seek a "Franks hearing" regarding allegedly false statements entered in Detective Crosnoe's report. *Franks v. Delaware* concerned false statements necessary to the finding of probable cause included in search warrant affidavits. 438 U.S. 154, 155-56 (1978). Since Petitioner's arrest was not based on a search warrant affidavit, this claim is without merit. Even if Petitioner's arrest had been based on a search warrant affidavit, Petitioner has failed to establish the necessary elements of a *Franks* violation.

**Ground Three:**     **Ineffective assistance of counsel for failing to seek dismissal of the amended information on the ground that it was fundamentally defective.**

Petitioner fails to carry his burden under either prong of *Strickland* of establishing that trial counsel was ineffective for failing to seek dismissal of the amended information. Petitioner contends that the amended information is fundamentally defective because it was not sworn to by a material witness and the unsworn affidavit of Detective Crosnoe was insufficient to meet this requirement. "An information is fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy." *Felton v. State*, 919 So.2d 557, 559 (Fla. 5th DCA 2005).

The body of the amended information specifically describes the crimes Petitioner was charged with and gives the statutory citation for each. As Petitioner clearly had sufficient

notice of the crimes for which he was tried, counsel's performance was not deficient and Petitioner has not shown that the result of the proceeding would have been different had counsel sought dismissal of the amended information. And Petitioner could and should have raised the legal sufficiency of the information on direct appeal. *Moore v. State*, 817 So.2d 1072 (Fla. 5th DCA 2002).

**<u>Ground Four</u>:**     **Trial judge improperly dismissed Petitioner's Second 3.850 motion and deprived him of his constitutional right to due process.**

Petitioner's due process claim is without merit. After state trial Judge Richard Howard denied Petitioner's first 3.850, Petitioner filed a second 3.850 motion seeking disqualification of Judge Howard and a reconsideration of the first 3.850 motion before a new judge. Petitioner alleged that Judge Howard failed to adjudicate the issues contained in the original 3.850 motion fairly and impartially and comply with the law. Judge Howard dismissed Petitioner's second 3.850 motion on jurisdictional grounds.

Petitioner never moved to recuse the judge during the first 3.850 proceedings, and in his second 3.850 petition failed to identify a single fact supporting his allegation that Judge Howard did not adjudicate the issues contained in the first 3.850 motion fairly and impartially.

Petitioner clearly disagrees with the result of his first 3.850 motion, but the proper remedy was to appeal that decision. Since there is nothing in the record to support a claim of denial of due process, this issue does not state a Constitutional violation upon which relief can be granted. Therefore, this claim fails.

### Conclusion

Petitioner has not carried his burden under *Strickland* to show that the results of the state proceedings would have been different but for counsel's actions. Nor has he shown a constitutional deprivation of his right to due process.

It is therefore ORDERED AND ADJUDGED that:

1.    The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2.    The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these

circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in

forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 21, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2009\09-cv-270.ocala deny 2254.wpd*